956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kurt A. COSTA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided March 4, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kurt A. Costa appeals from the district court's order granting summary judgment to the government on Costa's wrongful levy complaint. The district court ruled that, because Costa did not file a challenge to the government's second levy on his property within the limitations period for that levy, Costa's challenge to the government's first levy on that property was moot. We affirm.
 
 BACKGROUND
 
 3
 On April 26, 1989, the Internal Revenue Service (IRS) seized Costa's property, located at 454 Scenic Road in Fairfax, California, to satisfy back taxes of $1,224,643 owed by Costa's father, Douglas, for the tax years of 1984 and 1986. On May 2, 1989, Costa filed a wrongful levy complaint under 26 U.S.C. § 7426 to challenge the seizure. On June 19, 1989, the IRS levied upon the same property to satisfy back taxes of $660,714 owed by Douglas Costa for the tax years of 1982 and 1983. Kurt Costa did not file a second wrongful levy complaint.
 
 
 4
 On September 21, 1989, Kurt Costa and the IRS signed an agreement which provided for sale of the property at 454 Scenic Road "free and clear of all liens" and which specified that the proceeds of the sale would be "held subject to the competing claims of the parties." The property was sold for $315,000 and proceeds in the amount of $165,325.64 were deposited with the court.
 
 
 5
 On October 31, 1990, the government filed a motion for summary judgment in Costa's wrongful levy action. The government argued that Costa's challenge to the April levy was moot because Costa had failed to challenge the June levy within the appropriate limitations period, and under the June levy for $660,714 the IRS was entitled to all of the proceeds from the sale of the property. The district court granted summary judgment to the government. This appeal followed.
 
 DISCUSSION
 
 6
 The Internal Revenue Code provides that any suit for the return of property by a person other than the taxpayer must be filed before "the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1) (1988). Under this provision, Costa would have been required to file a challenge to the IRS's June 19, 1989, levy by March 19, 1990, in order to preserve his claim that the levy was wrongful. However, the September 21, 1989, agreement between Costa and the IRS removed all liens on the property itself and instead ordered the proceeds of sale held subject to the competing claims of the parties. As provided by the statute, the agreement tolled the limitations period established by the June levy and substituted in its place a limitations period of "9 months from the date of the ... agreement giving rise to such action." Id. Accordingly, Costa was required to file a challenge by June 21, 1990, in order to preserve any wrongful levy claim with respect to the June levy.
 
 
 7
 Costa argues that his May 2, 1989, wrongful levy complaint regarding the April levy tolled the statute of limitations with respect to all subsequent levies on the same piece of property. In the alternative, he argues that the IRS may not levy upon the same piece of property twice. Both contentions are meritless. A levy does not transfer ownership of the property levied upon to the IRS, but rather gives the IRS a constructive possessory interest in that property. United States v. Whiting Pools, Inc., 462 U.S. 198, 209-10 (1983). No statutory provision prohibits the IRS from levying more than once upon any particular piece of property and thereby obtaining more than one such constructive possessory interest. To the contrary, the Internal Revenue Code provides that if a person refuses to pay "any tax" for which he is liable, the IRS may levy "upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." 26 U.S.C. § 6331(a) (1988) (emphasis added). The plain language of the statute indicates that each levy must be challenged within nine months of the date that the levy or subsequent agreement "giving rise to such action" was filed. Id. § 6532(c)(1). The June 19, 1989, levy on Costa's property to satisfy unpaid taxes for the tax years of 1982 and 1983 did not "give rise to" Costa's May 2, 1989, wrongful levy complaint regarding the seizure of his property to satisfy unpaid taxes for the tax years of 1984 and 1986. To the extent that the agreement between Costa and the IRS covered tax years at issue in the June levy, a second complaint was required.
 
 
 8
 Because Costa failed to file a challenge to the June levy by June 21, 1990, nine months from the date of the agreement with the IRS, no legal dispute exists with respect to the IRS's claims arising out of that levy. Because the total amount claimed by the IRS based on that levy is greater than that realized from the sale of Costa's property, the IRS is entitled to all of the proceeds from the sale. Costa's claim for relief with respect to the April levy is therefore moot. The district court's grant of summary judgment to the government is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3